IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNATHAN S. METCALF                                                            PLAINTIFF

v.                                  Case No.: 4:21-CV-00435-LPR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                               DEFENDANT

## ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 17.  Plaintiff requests an award of $7,480.30, representing 34.1 hours of work performed during the years 2021 and 2022, at hourly rates of $218 and $228, respectively.  Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rates requested.  *See* Docs. 17-1, 17-3, 17-4, 17-5.

The Commissioner concedes that Plaintiff is entitled to attorney fees and does not object to the number of hours submitted or the hourly rates requested for work performed during 2021.  Doc. 19.  She does object, however, to the increased hourly rate Plaintiff seeks for work performed in 2022.  Plaintiff has not responded to the objection, but states in his briefing that the proposed hourly rate figure for 2022 is based on CPI information from December 2021.  He also states that "there has been a legally significant change in the CPI-U since December," citing higher national CPI figures from April 2022 and May 2022 for support.  Doc. 18 at 7.  The Commissioner instead proposes applying the $218 hourly rate sought for 2021 to the 4.65 hours of work performed in 2022, resulting in a fee adjustment of $46.50 for a total award of $7,433.80.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was

1

"substantially justified" or special circumstances would make an award unjust.[1]  On March 29,

1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot

exceed this hourly rate unless the Court determines that a higher fee is justified based on an

increase in cost of living or another special factor.[2]  The decision to increase the hourly rate is not

automatic and remains at the discretion of the district court.[3]  The Court can determine the

reasonableness and accuracy of a fee request, even in the absence of an objection by the

Commissioner.[4]

The Eighth Circuit has stated that the hourly rate may be increased when there is

"uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees"

in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[5]  Use of the CPI

"should result in consistent hourly fee awards in each case, rather than producing disparate fee

awards from each court within the district or from different districts within this circuit."[6]

Plaintiff has demonstrated that prior decisions from this district have authorized the hourly

rate he requests for 2021.  As for the requested 2022 rate, he presents a calculation:  "December

2021 278.802 x 125 divided by 152.4 (December 2021 CPI-U) = $228 rounded."  Doc. 18 at 7.

He does not cite to any other cases in this district which have awarded the $228 figure.

Many courts in the Eighth Circuit employ a standard calculation using the CPI to determine

the appropriate cost-of-living adjustment.  In those cases, the adjustment is typically calculated by

---

[1] 28 U.S.C. § 2412(d)(1)(A).

[2] *Id*. § 2412(d)(2)(A).

[3] *McNulty v. Sullivan*, 886 F.2d 1074, 1074–75 (8th Cir.1989).

[4] *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

[5] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[6] *Id*.

multiplying the CPI for the year that attorney fees are sought by the standard EAJA rate ($125), and then dividing the product by the CPI applicable to March 1996, the month the statutory cap was imposed.[7]  Fee awards in the Western District of Arkansas, where Plaintiff's attorney often practices, are based on rates calculated with regional, rather than national, CPI figures.[8]

The Eastern District of Arkansas has not cabined the Court's discretion to a particular application of CPI figures in awarding attorney fees.[9]  In cases filed by another attorney in this district, however, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living, calculating the applicable rate on an annualized basis using the mid-year national CPI.[10]  To promote consistency in fee awards in this district, the Court agrees with the Commissioner that Plaintiff should be allowed a comparable enhancement of $218 for the work performed in 2022.  The Court finds that the rate Plaintiff has requested for 2021 is reasonable based on both the CPI and prior decisions in this district.

The Court concludes that Plaintiff is entitled to an award of attorney fees under the EAJA and that the hours submitted are reasonable.  *See* 28 U.S.C. § 2412(d).  Based on the above considerations, the undersigned awards Plaintiff attorney fees under the EAJA for 34.1 hours of work at a rate of $218 per hour.

---

[7] *See, e.g.*, *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004).

[8] *See, e.g.*, *Snell v. Kijakazi*, No. 4:21-cv-4029, 2022 WL 1178510, at *3 (W.D. Ark. Apr. 20, 2022) (hourly rate calculated by multiplying CPI-South by 125, then dividing the product by the CPI-South figure for March 1996, which is 152.4).

[9] *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011) ("[T]he Court rejects the notion that attorney's fees should be determined using an hourly rate calculated simply by multiplying $125 per hour by a number derived from the Consumer Price Index.").  If the Court were to employ such a calculation, however, it would differ from the one proposed by Plaintiff, which conflates regional and national CPI figures by using a national CPI figure for December 2021 and a regional CPI figure for the March 1996 denominator.

[10] The agreement is between The Bartels Law Firm and the Office of General Counsel, Region VI, Social Security Administration.  It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Bartels' fee petitions in a number of cases in the Eastern District of Arkansas. *See, e.g.*, *Maxwell v. Kijakazi*, No. 3:20-cv-00408, Doc. 24-1 at 1–2.

Accordingly, Plaintiff's motion (Doc. 17) is GRANTED as modified.  Plaintiff is hereby awarded $7,433.80 in attorney fees pursuant to the EAJA.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the EAJA fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 5th day of August 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE